UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PHILIP LAKOSKY, for himself and those similarly situated

Case No:

Plaintiffs,

**CLASS/COLLECTIVE ACTION; COMPLAINT AND DEMAND FOR JURY TRIAL**

-vs-

DISCOUNT TIRE CO., INC., d/b/a Discount Tire., an Arizona corporation, and REINALT-THOMAS CORPORATION., d/b/a/ Discount Tire/America's Tire, a Michigan corporation.

Defendants.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

Named Plaintiff and proposed class/collective action representative, PHILIP LAKOSKY, by and through his attorneys, Harvey Kruse, P.C., for his Complaint against Defendants, DISCOUNT TIRE CO., INC., d/b/a Discount Tire and Reinalt-Thomas Corporation., d/b/a Discount Tire/America's Tire, states as follows:

**PRELIMINARY STATEMENT**

1. This class/collective action is brought to recover for damages and injury stemming from violations of the Fair Labor Standards Act of 1938, as amended, 29 USC. §201, *et seq* (FLSA), and under the Michigan Minimum Wage

1

Law of 1964, MCL 408.381, *et seq* (MMWL). Plaintiff and the representative class are current and former "Assistant Managers" of the Defendants that were denied overtime compensation they were entitled under the FLSA.

## JURISDICTION AND VENUE

2.  The Eastern District of Michigan Court has federal question jurisdiction pursuant to 28 USC §1331 over the individual and representative claims herein that arise under the laws of the United States, i.e. the FLSA, 29 USC §201, *et seq* and the Portal-to-Portal Act 29 USC § 251, *et seq.*

3.  The district court has original jurisdiction over Plaintiffs' FLSA claims pursuant to § 16(b) of that Act, which states "an action to recover . . . may be maintained against any employer … in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves. . . ." 29 USC § 216(b).

4.  The district court has jurisdiction pursuant to 28 USC § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce. See 29 USC§ 202.

5.  The Court has supplemental jurisdiction over all state law claims pursuant to 28 USC §1367 because such claims do not raise novel or complex issues of state law, and because these state law claims arise from a common nucleus of operative facts with the federal claims, i.e., the claims involve the same

parties, arise out of the same unlawful pay practices and misrepresentations and involve the same issues of proof as to employer pay practices, and thus are so related to the federal claims so as to form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Eastern District of Michigan under 28 USC §1391(b) because defendants reside, operate and/or are located in this district, and because a substantial part of the events or omissions giving rise to these claims for unpaid overtime occurred in this district.

## PARTIES

7. Plaintiff Philip Lakosky is a citizen of the United States and is a resident of the State of Michigan. He was employed by Defendants from May 2002 until on or about April 19, 2014. Plaintiff held the job title of an Assistant Manager at Discount Tire for the last 8 years of his employment. His situation is typical of an Assistant Manager at Discount Tire, as set forth herein.

8. Defendant DISCOUNT TIRE CO., INC., d/b/a Discount Tire, is a corporation formed pursuant to the laws of the State of Arizona, doing business in 28 states, including Michigan.

9. Defendant REINALT-THOMAS CORPORATION., d/b/a/ Discount Tire/America's Tire, is a corporation formed pursuant to the laws of the State of Michigan.

10. The proposed class of plaintiffs in this lawsuit, (hereinafter "class members"), are current and former employees of Discount Tire, employed as Assistant Managers, in the State of Michigan, who are similarly situated to the representative plaintiff, Phillip Lakosky, as is set forth more fully below.

## GENERAL ALLEGATIONS: DISCOUNT TIRE AND ITS BUSINESS OPERATIONS

11. Discount Tire sells, repairs, installs tires and provides related services in various states, including Michigan.

12. Upon information and belief, Discount Tire has 46 stores in Michigan and employs approximately 3-4 Assistant Managers at each of these Michigan store locations, at any given time since before July 2011.

13. Discount Tire employs systemic, unlawful policies and practices of incorrectly calculating and paying overtime wages to its Assistant Managers, which are due them pursuant to the FLSA.

14. Upon information and belief, these unlawful policies and pay practices of Discount Tire apply throughout the various store locations in the state of Michigan.

15. Discount Tire is an employer of the named plaintiffs and class members within 29 U.S.C. §203(d).

16. Discount Tire is an employer of the named plaintiffs and class members within MCL 408.382.

4

17. Upon information and belief, the Reinalt-Thomas Corporation, which shares the same "d/b/a" and business address is involved in certain pertinent aspects of the Discount Tire business operations, including employee wage calculation / payment during some or all of the period of interest. See **Exhibit A**. exemplar Tax Document mailings for Philip Lakosky dated 1/27/12.

18. Defendants are referred to collectively as Discount Tire.

19. Discount Tire is engaged in interstate commerce and/or is part of an "enterprise" engaged in interstate commerce or the production of goods for commerce, with gross volume of sales of not less than $500,000 within 29 USC §207. See 29 U.S.C. §§203(r) and (s).

### GENERAL ALLEGATIONS: DUTIES AND RESPONSIBILITIES OF PLAINTIFF AND OTHER ASSISTANT MANAGERS FOR DISCOUNT TIRE

20. Plaintiff and class member are current and former employees of Discount Tire within 29 USC §203(e).

21. Plaintiff and class members are current and former employees of Discount Tire within MCL 408.382(b).

22. Plaintiff and other Assistant Managers for Discount Tire are regularly required to work significant amounts of overtime. It is not uncommon for an Assistant Manager to work 50 to 60 hours per week, or more.

5

23. Plaintiff and other Assistant Managers for Discount Tire are managers in name only. They spend the majority of their time doing the same work of a "tire technician / tire buster" and other labor positions; they have little management responsibilities and no authority to make or effect employment-related decisions, i.e., they do not hire or fire the other workers and any suggestions from them, if considered, are not given particular weight.

24. Plaintiff and other Assistant Managers for Discount Tire are not exempt from receiving overtime under the FLSA or other applicable state law under any of the executive, administrative, professional or other such classification.

25. Discount Tire does pay its Assistant Managers some amount for their overtime hours worked, however, the rate at which Discount Tire compensates its Assistant Managers for their hours worked in excess of 40 per week violates the law.

26. Discount Tire's payment practices are inconsistent with any fluctuating workweek ("FWW") method of calculation, in one or more particulars, and therefore cannot support such treatment.

27. Plaintiff and other Assistant Managers are paid quarterly bonuses.

28. Plaintiff and other Assistant Managers are not told about any intent for the weekly pay to cover all hours worked regardless of how few or many and thus have no mutual understanding of any intent to apply the FWW.

29. Plaintiff and other Assistant Managers earn less per hour than the "tire technicians / tire busters" who purportedly report to them, in weeks in which they work an excessively large number of hours.

30. Discount Tire calculates plaintiff and other Assistant Managers vacation pay based on a workweek of 44 hours (instead of 40 hours) and an inconsistent total amount of weekly pay and hourly rate from what is paid in weeks in which work is performed. Discount Tire's use of a lower total week pay for active work weeks artificially decreases the worker's hourly rate and the worker's corresponding overtime rate, which violates the FLSA and any applicable state law.

## CLASS/COLLECTIVE ACTION
## GENERAL ALLEGATIONS

31. The plaintiff's FLSA claims are maintainable as a collective action under 29 U.S.C. §216.

32. The MMWL and state law claims raised herein against defendants are properly maintainable as a class action under Federal Rule of Civil Procedure 23(a), and under any of (1), (2) or (3) of subsection (b) of the Rule.

33. Class Members are defined as:

> All current and former employees of Discount Tire who are now, or were during some portion of or all of the last three years, employed as Assistant Managers, in one or more of defendants' Michigan store locations, who worked in excess of 40 hours per week but were paid overtime by defendants as a rate of less than 1 ½ times the person's properly calculated hourly rate, in violation of the FLSA and any applicable state law.

34. The estimated class size is 150 - 250 current and former Assistant Manager employees of Discount Tire, in Michigan.

35. Plaintiff and class members are similarly situated within the meaning of 29 U.S.C. §216 in that they were all subjected to the same improper pay practices, common policy(ies) and/or plan to violate the federal wage laws.

36. The named plaintiff will fairly and adequately represent the interests of the class members because he is similarly situated to the class members, and because his claims are common to, concurrent with and typical of the claims of the class members to this lawsuit.

37. There are no conflicts of interest between the named plaintiff and the class of opt-in plaintiffs.

38. Class Counsel, Dale R. Burmeister, is qualified and able to litigate the Class Members' claims. Class Counsel has experience in class action litigation involving the prosecution and defense of class action and other representative litigation of various sorts, including violations of the FLSA and state labor laws. Class Counsel will further be assisted in this matter by attorneys in his law firm of

HARVEY KRUSE
ATTORNEYS & COUNSELORS ● A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

Harvey Kruse, P.C, who likewise carry with them knowledge and experience in such matters.

39. Common questions of law and fact predominate in this action because the claims of all the class members have at their core the question as to whether defendants' pay practices for its Assistant Managers concerning overtime comports with any FWW method, or violates the FLSA.

40. A class action is maintainable in this case under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other methods for the fair and efficient adjudication of this controversy.

41. A collective action is maintainable in this case as to the FLSA claims under 29 U.S.C. §216(b), and also for all supplemental state law claims raised herein that form part of the same Article III case or controversy for those similarly situated individuals.

### COUNT I: FLSA – UNPAID OVERTIME AND FAILURE TO MAINTAIN RECORDS

42. Plaintiff incorporates paragraphs 1-41 above.

43. Plaintiff and class members regularly worked more than 40 hours per week during their employment with defendants as Assistant Managers.

44. Plaintiff and class members are not any type of "executive", "administrative", "professional" or any other exempt class of worker under the FLSA.

45. Plaintiff and class members were entitled to overtime compensation of 1 ½ times their properly calculated hourly rate for all hours worked in excess of 40 hours per week.

46. Discount Tire's pay practices to its Assistant Managers do not comport with any FWW method.

47. Discount Tire's pay practices to its Assistant Managers violates the FLSA.

48. Discount Tire has not paid, and refuses to pay, plaintiff and class members, overtime compensation at a rate of 1 ½ times their regular rate of pay for the hours they worked in excess of 40 per week in violation of 29 U.S.C. §207(a)(1).

49. Discount Tire's failure to pay plaintiff and class members the overtime and/or other wages owed to them under the FLSA is deliberate and willful.

50. Discount Tire did not act in good faith in failing to pay plaintiff and class members the overtime and other wages owed them under the FLSA, and did

not have "reasonable grounds" to believe that its conduct in so doing was in accordance with the law.

51. To the extent Defendants failed to maintain, keep and preserve time records as required by 29 USC 211(c), it has deprived plaintiff and class members the records that would most easily prove the amount of overtime hours worked and the compensation due them.

52. Pursuant to 29 U.S.C. §216, plaintiff and class members are entitled to recover for unpaid overtime compensation and/or other unpaid wages plus an equal amount as liquidated damages and the reasonable attorneys' fees and costs of this lawsuit.

WHEREFORE, Plaintiff, Phillip Lakosky, for himself and the class members, demands judgment against defendant DISCOUNT TIRE CO., INC., d/b/a Discount Tire and REINALT-THOMAS CORPORATION., d/b/a/ Discount Tire/America's Tire, which includes the following relief:

(a) Collective action certification pursuant to 29 USC 216(b) and Court approved notice to prospective opt-in class members;

(b) A declaration from this Court as to the unlawful pay practices and policies set forth herein and an order restraining defendants from engaging in such pay violations in the future;

(c) A determination of a violation of the FLSA and failure to pay overtime as required by 29 USC 207(a)(1), and an award of the value of plaintiff's and class members' unpaid

overtime wages and other employee benefits over the last 2 years pursuant to 29 USC 255;

(d) A determination that the violation was willful and an award of the value of plaintiff's and class members' unpaid overtime wages and other employee benefits over the last *3 years* pursuant to 29 USC 255;

(e) An award of an equal amount of liquidated damages as provided under the section 216 of the FLSA;

(f) An award of attorneys' fees and costs pursuant to section 216 of the FLSA, and/or other applicable law;

(g) An award of pre and post judgment interest;

(h) An award of such additional relief as this Court may deem appropriate.

## COUNT II: MMWL – UNPAID OVERTIME AND FAILURE TO MAINTAIN RECORDS

53. Plaintiff incorporates paragraphs 1 through 52 above.

54. Michigan Compiled Laws §408.383 provides:

> No employer shall pay any employee at a rate of less than prescribed in this act

55. MCL §408.384a provides in part:

> Compensation for overtime; exceptions; rules; unpaid minimum wages; appropriation; compensatory time in lieu of monetary overtime compensation.
>
> Sec. 4a(1) Except as otherwise provided in this section, an employee shall receive compensation at not less than 1-1/2 times the regular rate at

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

which the employee is employed for employment in a workweek in excess 40 hours.

56. MCL 408.393 provides in part:

Sec. 13. (1) If any employer violates this act, the employee affected by the violation, at any time within 3 years, may:

(a) Bring a civil action for the recovery of the difference between the amount paid and the amount that, but for the violation, would have been paid the employee under this act and an equal additional amount as liquidated damages together with costs and such reasonable attorney's fees as may be allowed by the court.

57. Plaintiff and class members regularly worked more than 40 hours per week during their employment with Discount Tire as Assistant Managers.

58. Plaintiff and class members were not and are not properly classified as "executive", "administrative", "professional", or any other exempt class of worker.

59. Plaintiff and class members were entitled to overtime compensation of 1 ½ times their properly calculated hourly rate for all hours worked in excess of 40 hours per week.

60. Discount Tire's pay practices to its Assistant Managers does not comport with any FWW method.

61. Discount Tire's pay practices to its Assistant Managers violates the MMWL.

13

62. Discount Tire has not paid and refuses to pay plaintiff and class members, overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they worked in excess of 40 per week in violation of MCL 408.384a.

63. To the extent Defendants have failed to maintain, keep and preserve time records as required by MCL 408.391 it has deprived plaintiff and class members the records that would most easily prove the overtime hours worked and compensation due them.

64. Pursuant to MCL 408.393, plaintiff and class members are entitled to recover for three years of unpaid overtime compensation and/or other unpaid wages, plus an equal amount as liquidated damages and the reasonable attorneys' fees and costs of this lawsuit.

WHEREFORE, Plaintiff, Phillip Lakosky, for himself and the class members, demands judgment against defendant DISCOUNT TIRE CO., INC., d/b/a Discount Tire, and REINALT-THOMAS CORPORATION., d/b/a/ Discount Tire/America's Tire, which includes the following relief:

(a) Certification of a Class Action pursuant to Rule 23 and Court approved notice to class members;

(b) A declaration from this Court as to the unlawful pay practices and policies set forth herein and an order restraining defendants from engaging in such pay violations in the future;

HARVEY KRUSE
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

(c) An award of the value of plaintiff's and class members' unpaid overtime wages and other employee benefits over the last 3 years;

(d) An award of an equal amount of liquidated damages as provided under the section 13 of the MMWL;

(e) An award of attorneys' fees and costs pursuant to section 13 of the MMWL, and/or other applicable law;

(f) An award of pre and post judgment interest;

(g) An award of such additional relief as this Court may deem appropriate.

                                          HARVEY KRUSE, P.C.

By: */s/ Dale R. Burmeister*
Dale R. Burmeister (P29432)
Jason R. Mathers (P66022)
Attorney for Plaintiffs
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
dburmeister@harveykruse.com
jmathers@harveykruse.com

Dated: August 29, 2014

## **TRIAL BY JURY**

Plaintiff further demands a trial by jury on his and class members' claims against Defendants.

15

HARVEY KRUSE, P.C.

By: /s/ Dale R. Burmeister
Dale R. Burmeister (P29432)
Jason R. Mathers (P66022)
Attorney for Plaintiffs
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
dburmeister@harveykruse.com
jmathers@harveykruse.com

Dated: August 29, 2014

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800