UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Philip Lakosky, for himself and those
similarly situated,

    Plaintiffs,

v.                                          Case No. 14-13362

Discount Tire Co., Inc., d/b/a Discount,        Honorable Sean F. Cox
Tire, and Reinalt-Thomas Corporation,
d/b/a Discount Tire/America's Tire,

    Defendants.
_____/

## OPINION AND ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

This is a wage-and-hour case. Plaintiff Philip Lakosky, for himself and on behalf of those similarly situated, claims that Defendant, Discount Tire, Inc. and Defendant Reinhalt-Thomas Corp., d/b/a Discount Tire/America's Tire (collectively, "Discount Tire" or "Defendants") failed to pay its Assistant Managers proper overtime wages, in violation of the Fair Labor Standard Act ("FLSA").[1] (Complaint, Doc. #1).

On June 1, 2015, the parties filed a Joint Motion to Approve the Settlement Agreement. (Motion, Doc. #20). The settlement agreement has been filed under seal, (Doc. #21), and the parties have also provided the Court with a Stipulation of Dismissal With Prejudice to be entered upon approval of the settlement agreement.

For the reasons set forth below, the Court shall GRANT the Joint Motion to Approve the

---

[1] 29 U.S.C. § 201, *et seq.*

Settlement Agreement.

## BACKGROUND

Discount Tire is a retail establishment in the business of selling, repairing, and installing tires. (Doc #1 at ¶ 11). Discount Tire has 46 stores in Michigan and employs approximately 3-4 Assistant Managers at each of those store locations. (Doc #1 at ¶ 12).

Plaintiff was employed by Discount Tire as an Assistant Manager, and alleges that as an Assistant Manager he was "regularly required to work significant amounts of overtime. It is not uncommon for an Assistant Manager to work 50 to 60 hours per week or more." (Doc #1 at ¶ 22). Plaintiff further claims that Assistant Managers spend "the majority of their time doing the same work of 'tire technicians/tire busters[s]'" but end up earning less pay for weeks in which they worked a large number of hours. (Doc. #1 at ¶¶ 23, 29). This, Plaintiff alleges, is a result of Discount Tire's practice of not paying, and refusing to pay, overtime compensation to Assistant Managers as required by law. (Doc. #1 at ¶ 48).

On August 29, 2014, Plaintiff commenced this action alleging that Defendants are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207. (Doc. #1). Plaintiff seeks to bring a collective FLSA action on behalf of himself and all other similarly situated individuals pursuant to the FLSA's collective action provision, 29 U.S.C. 216(b). (Doc #1 at ¶ 41)

On June 1, 2015, the parties filed a Joint Motion for Approval of the FLSA Settlement Agreement. (Doc. #20). At the Court's request, the parties also submitted a Joint Supplemental Briefing on July 21, 2015. (Supplemental Brief, Doc #23). In the Joint Motion, the parties have indicated that they negotiated a resolution of Plaintiff's FLSA claims, and move the Court to approve their FLSA Settlement. (Doc. #20).

## STANDARD OF REVIEW

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Snook v. Valley OB-Gyn Clinic, P.C.*, 2015 WL 144400 at *1 (E.D. Mich. Jan. 12, 2015). Before this Court can approve the settlement of Plaintiff's FLSA claim, the Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented. *Id.* This Court must also separately assess the reasonableness of Plaintiff's attorney's fees and costs award, "even when the fee is negotiated as part of a settlement rather than judicially determined." *Thompson v. United Stone, LLC*, 2015 WL 867988 at *2 (E.D. Tenn. 2015).

To determine whether a FLSA settlement is both fair and reasonable, the court takes into account the following factors:

(1) the risk of fraud or collusion;

(2) the complexity, expense and likely duration of the litigation;

(3) the amount of discovery completed;

(4) the likelihood of success on the merits;

(5) the opinion of class counsel and representatives;

(6) the reaction of absent class members; and

(7) public interest in the settlement.

*Snook*, 2015 WL 144400 at 1.

## ANALYSIS

The Court finds that the parties are engaged in a *bona fide* dispute. Plaintiff alleges that he

3

was not compensated as required by the FLSA for his work in excess of 40 hours a week. Defendants deny most of Plaintiff's allegations and moved for a partial dismissal. In fact, Defendants' Motion to Dismiss was still pending before the Court when the parties notified the Court that they settled the case. This "good-faith disagreement" would have required judicial resolution had the parties not jointly resolved Plaintiff's claims. *See Shaffer v. LCPZ Canton, Inc.*, 2015 WL 23654 at *2 (N.D. Ohio Jan. 16, 2015). Thus, the Court is satisfied that Plaintiff's FLSA claim was actually and reasonably in dispute.

The Court further finds that the proposed settlement agreement is a fair and reasonable resolution to the parties' *bona fide* dispute. (*See* Settlement Agreement, Doc. #21, Filed Under Seal). Both parties are represented by competent counsel. There is no indication that the parties reached the agreement by virtue of anything other than vigorous, arms-length negotiations. Further, this case is still in its infancy and no discovery has been completed. Settlement resolves the uncertainty of case outcomes for both parties.

Finally, the Court concludes that the attorney's fee award is reasonable. Plaintiff's counsel has undoubtedly expended considerable time and resources working up the case to this point. While the attorneys' fees are slightly greater than the recovery of the Plaintiff in this case, it does not alter the conclusion that the settlement arrangement is in fact fair and reasonable. *Thompson v. United Stone, LLC*, Case No. 1:14-CV-224, 2015 WL 867988, at *2 (E.D. Tenn. March 2, 2015) ("The possibility of an attorney's fee that eclipses any overtime pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims.")

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Joint Motion for Order Approving

FLSA Settlement (Doc. #20) and DISMISSES this matter WITH PREJUDICE.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager